VÁZQUEZ ET AL. *v.* VÁZQUEZ ET AL.

APPEAL from the District Court of Ponce.

No. 391.—Decided May 20, 1909.

COSTS—RETROACTIVE EFFECT—FINAL JUDGMENT.—The judgment or decision referred to in the English text of section 339 of the Code of Civil Procedure, amended by the Law of March 12, 1908, is the judgment rendered by the court below.

ID.—LAW IN FORCE WHEN FINAL JUDGMENT WAS RENDERED—ATTORNEYS' FEES.—Fees of attorneys accrued before January 1, 1909, are not recoverable under the law of costs of March 12, 1908.

FEES OF ATTORNEYS—SUPREME COURT.—There is no law whatever which authorizes the imposition and recovery of costs in the Supreme Court, nor the recovery of attorneys' fees, included as costs, for services rendered in this court.

The facts are stated in the opinion.

*Messrs. Boerman and Llorens* for appellant.

Respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellees in this suit obtained a judgment against the appellants on September 19, 1908. On the 29th of that month an appeal was taken to this court, heard here in January, 1909, and decided on February 17, 1909. When the case went back to the District Court of Ponce, the victorious parties, the appellees here, presented a bill of costs to that court which approved the same and this appeal is from the order approving the bill of costs.

The question involved in this appeal is whether the Law of March 12, 1908, amending sections 327 and 339 of the Code of Civil Procedure, would apply to a case where all the proceedings in the court below including the judgment had been obtained prior to the date when such law went into effect, namely January 1, 1909.

The court below bases its decision on the fact that although in accordance with the principle enunciated in the cases of *Portilla* v. *Nicolás Quiñones,* 10 P. R. Rep., 185, and *María Ríos* v. *El Juez de Humacao,* 10 P. R. Rep., 501, the fees of attorneys accrued before January 1, 1909, are not recoverable under the law cited, yet a final judgment (*sentencia firma*) was not rendered in this case until after the first of January, 1909. In other words that a judgment of the district court whereby the rights of the litigants are finally determined does not become a final judment until it is no longer subject to review by an appellate court. Appellees rely on the principle that matters of procedure, evidence, costs and the like go into effect immediately and are generally not affected by the date at which the action is commenced. (American and English Encyclopaedia

of Law, 2d ed., vol. 6, p. 948.) If the judgment of September 11, 1909, was not a final judgment until it was affirmed by this court then it is undoubtedly true that the law of March 12, 1908, would be available to appellees to recover fees. The succinct question presented is to what judgment or act does the Law of March 12 refer. The essential words thereof in Spanish are as follows:

"*Las costas se reclamarán por la parte á la que hayan sido concedidas, entregando al Secretario de la Corte, dentro de los diez días siguientes al en que se haya hecho firme la sentencia ó decisión que haya puesto fin al asunto, un memorandum de dichas costas, de los desembolsos necesarios hechos en el pleito por el reclamante, y del montante de la minuta de honorarios. de su letrado.*

But the English copy reads:

"Costs shall be claimed by the party to whom the same have been allowed, by filing with the clerk of the court, within 10 days after the final judgment or decision, a memorandum of his costs and necessary disbursements in the action and of the amount of the fees of his attorney."

The judgment or decision to which this act refers taking the English text and the general spirit of the law must be the judgment of the court below. That judgment was just as much a final judgment on September 11, 1908, as it was on February 27, 1909. Nothing has happened to change its essential nature. When there is no appeal the 10 days mentioned would most surely run from the day of the registration of the judgment. The appeal in itself cannot affect the right to costs or fees. The whole of Chapter VI of the Code of Civil Procedure shows that the Legislature in considering costs had in mind the judgment to be rendered below. Section 188 of the Code says that a judgment is a final determination of the rights of the parties in an action or proceeding. Whatever may have been the practice formerly under different Codes the judgment below is the final judgment that

an appeal may be taken to this court with certain special exceptions which were not the subject matter of the previous appeal in this case.

We do not understand in any event how a claim for fees for services rendered in this court can be included in the bill of costs. It included a fee for services in the court below of $300 and $200 in this court and some small costs amounting to 85 cents. They must all be disallowed because not taxed within 10 days after final judgment and the one item of fees in this court must be disallowed for the additional reason that there was no authority to impose it. No one except this court naturally has such right and it could only have it by direct provision of law. The opposite principle seems to be established by section eight of the Code of Civil Procedure when it prohibits the Supreme Court from imposing by its rules any tax or charge upon any legal proceeding. The order must be reversed and the case remanded with instructions to disallow the bill of costs.

*Reversed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.